UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TARA LYN SHINDLE,

    Plaintiff,

v.

BURLINGTON COUNTY, *et al.*,

    Defendants.

No. 1:22-cv-04975

**ORDER**

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court on Plaintiff Tara Lyn Shindle's ("Plaintiff") Motions for Default Judgment, (ECF Nos. 30, 34),[1] through which she seeks the entry of judgment by default against Defendants Travis Richards, Peter Milligan, Kirby Wu, and Wu & Associates (collectively, "Defendants"); and

**WHEREAS,** to obtain a judgment by default pursuant to Federal Rule of Civil Procedure 55, a party must first seek the entry of a default from the Clerk of Court, *e.g.*, *Lancaster v. N.J. Transit Corp.*, No. 20-01995, 2021 WL 4473114, at *6 (D.N.J. Sept. 30, 2021) ("[E]ntry of default

---

[1] Plaintiff filed her first Motion for Default Judgment on March 14, 2023. (ECF No. 30). Later that same day, she also filed what purported to be an amended complaint. (ECF No. 32). The Court dismissed this attempted amendment as procedurally improper on March 28, 2023. (ECF No. 33). The next day, Plaintiff filed her second Motion for Default Judgment, (ECF No. 34), which is virtually identical to the first, although with some added exhibits, (ECF Nos. 34-3, 34-4, 34-5). It is unclear to the Court whether Plaintiff filed this second Motion believing the first had been mooted by her attempt at amending her complaint, *see Auto. Rentals, Inc. v. Bama Com. Leasing LLC*, No. 17-03877, 2018 WL 3159852, at *1 n.2 (D.N.J. Mar. 9, 2018); because she simply wanted to supplement her initial Motion with the added exhibits, *see supra*; or for some other reason. Regardless, because both Motions must be denied for the same procedural defect, the Court disposes of both in this Order.

judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court." (quotation and citation omitted)); *see also* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default."); but

**WHEREAS,** Plaintiff did not request the Clerk's entry of default as to any of the Defendants against whom she seeks judgment; and

**WHEREAS,** Plaintiff has thus failed to follow Rule 55's two-part process; and therefore,

**IT IS HEREBY** on this __17th__ day of __July__, 2023,

**ORDERED** that the Plaintiff's Motions for Default Judgment, (ECF No. 30, 34), are **DENIED**.

*Christine A. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**